

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWIN OAKS VALLEY RANCH HOMEOWNERS ASSOCIATION,<br><br>                    Plaintiff,<br><br>       vs.<br><br>JOE S. LUJAN, et al.,<br><br>                    Defendants. | CASE NO. 11-CV-1420 JLS (NLS)<br><br>**ORDER: (1) SUA SPONTE REMANDING CASE;**<br>**(2) DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>(ECF No. 2) |

Plaintiff filed an unlawful detainer action against Defendants in San Diego County Superior Court on May 27, 2011. (Notice of Removal Ex. A (Compl.), ECF No. 1-1.) On June 28, 2011, Defendant Joe S. Lujan removed the case to this Court. (Notice of Removal, ECF No. 1.) The Court finds that it lacks jurisdiction over this matter and *sua sponte* remands the case to the Superior Court of California for the County of San Diego.

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," a defendant may remove the case to federal district court. 28 U.S.C. §1441(a). However, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party bears the burden of establishing that federal subject matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d


1  1190, 1195 (9th Cir. 1988).

2      The Court's subject matter jurisdiction encompasses federal question jurisdiction and diversity
3  jurisdiction. The Court discusses each in turn.

4      To determine whether federal question jurisdiction exists, the Court looks to the plaintiff's
5  complaint. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002). The
6  Court does not consider the defendant's answer, defenses, or counterclaims. *Id.* 831. In this case,
7  Plaintiff's underlying claim is an unlawful detainer action filed under California law. (Compl.) Lujan
8  does not contest this and states only that Peters & Freedman LLP—which is not a party to this
9  action—violated certain provisions of the Fair Debt Collection Practices Act. (Notice of Removal 2.)
10  Even assuming that these allegations are true, they cannot be taken into consideration for determining
11  whether removal is appropriate. Consequently, there is no federal question basis for removal.

12      There is also no basis for diversity jurisdiction in this case. Diversity jurisdiction requires that
13  the plaintiffs and defendants be of different citizenship and that the amount in controversy exceed
14  $75,000. 28 U.S.C. § 1332. Plaintiff and Defendant are both California residents, and accordingly,
15  the complete diversity requirement is not satisfied. (Notice of Removal 1; Compl. 1.) Because at least
16  one of the two requirements for diversity jurisdiction is not met, there is no diversity jurisdiction basis
17  for removal.

18      Defendant fails to establish that this Court has subject matter jurisdiction over the matter.
19  Thus, this matter is **REMANDED** to the Superior Court of California for the County of San Diego.
20  Defendant's pending motion for leave to proceed *in forma pauperis* is **DENIED AS MOOT**. (ECF
21  No. 2.) The Clerk **SHALL** close the file.

22      **IT IS SO ORDERED.**

23

24  DATED: June 30, 2011

25                                          Honorable Janis L. Sammartino
26                                          United States District Judge

27

28